[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 15, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11448
Non-Argument Calendar
_____

D. C. Docket No. 03-00131-CR-2-SLB-RRA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM T. OWENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

**(September 15, 2006)**

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

DUBINA, Circuit Judge:

Appellant William T. Owens appeals his sentence of 60 months

imprisonment for conspiracy to commit wire fraud and securities fraud, falsification of financial information filed with the Securities and Exchange Commission, and wire fraud, all in violation of 18 U.S.C. §§ 371, 1350, 1343. The district court imposed sentence after Owens pled guilty for his role in a prominent corporate fraud case, which the district court found resulted in significant monetary losses. Owens asserts that his sentence was unreasonable because, contrary to 18 U.S.C. § 3553(a)(6), the district court did not consider sentences given to other defendants in related proceedings.

## I.

"After the district court has accurately calculated the [g]uideline range, it may impose a more severe or more lenient sentence that we review for reasonableness." *United States v. Winingear*, 422 F.3d 1241, 1244 (11th Cir. 2005) (quotation marks omitted). Such review is deferential, requiring us to "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in [18 U.S.C.] section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We have recognized that "there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory [g]uidelines range, we ordinarily will expect that choice to be a reasonable one." *Id.* Necessarily, there

are also "sentences outside the range of reasonableness that do not achieve the purposes of sentencing stated in § 3553(a) and that thus the district court may not impose." *United States v. Martin*, 455 F.3d 1227, 1237 (11th Cir. 2006).

Post-*Booker*,[1] sentencing requires two steps. *Talley*, 431 F.3d at 786. First, the district court must consult the guidelines and correctly calculate the sentence range under the guidelines. *Id.* In this step, pre-*Booker* standards for reviewing the application of the guidelines still apply. *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005). Second, the court must consider the factors listed in § 3553(a). *Talley*, 431 F.3d at 786. One of those factors is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

That said, "nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient." *Talley*, 431 F.3d at 786.

II.

---

[1] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

After a careful review of the record and the briefs of the parties, we find no reversible error.

Neither side in this appeal has alleged that the district court applied the guidelines improperly, and there is no basis for such an argument. *See e.g. United States v. Chotas*, 968 F.2d 1193, 1197-98 (11th Cir. 1992) (disparities between codefendants' sentences is not a proper basis for a departure from the guidelines). Accordingly, we proceed to analyze the total sentence for reasonableness.

Here, the district court stated that it thought a 60-month sentence was reasonable and stated that it had considered the § 3553(a) factors. Although not required to do so, the district court also extensively discussed the factors it had considered in sentencing Owens. The court expressly analyzed the sentence with regard to: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant; and (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. § 3553(a)(1)-(2), (6). It is also evident that the court

considered the guidelines. *See* 18 U.S.C. § 3553(a)(4).

The court was especially concerned with deterrence, and specifically found that probation or a short custodial sentence would fail to satisfy this concern. Although the court was obviously affected by Owens's "extraordinary" cooperation with the government and his obvious remorse and acceptance of responsibility, it was equally, if not more so, impressed by the magnitude of the fraud committed. The court also specifically noted that Owens had been involved in the fraud longer than many of his coconspirators, that his involvement was more significant, and that his skills gave him an important role.

The court specifically stated that it had considered the sentences in other convictions arising out of the same fraudulent scheme. It also acknowledged that Owens's sentence was longer than some of those, but specifically found that the other § 3553(a) factors outweighed this problem. The court noted that § 3553(a)(6) addressed only "unwarranted" disparities, suggesting that it was satisfied that the disparity in this case was warranted. Finally, the court expressly noted that it had sufficient discretion under *Booker* to reduce Owens's sentence, but declined to do so.

On this analysis alone, we could conclude that Owens's sentence was reasonable. Our recent decision in *Martin* only reinforces the district court's

decision. *See Martin*, 455 F.3d at 1239, 1241-42 (reversing seven-day sentence of defendant convicted of the same fraud as unreasonable, "shockingly short," and "wildly disproportionate" to his crimes). As in *Martin*, Owens's cooperation, though admirable, did not undo the harm he had caused and did not free him from his responsibility. Finally, the district court in this case gave Owens a significant departure, reducing his guidelines sentencing range by almost 300 months, and "properly reward[ing]" him for his cooperation. *Id.* at 1241. While there is no exact calculus to identify what is a reasonable sentence, because of the district court's careful consideration of the sentencing factors, we hold that Owens's 60-month sentence is not unreasonable. Accordingly, we affirm his sentence.

**AFFIRMED.**