[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 26, 2007
THOMAS K. KAHN
CLERK

No. 06-12423
Non-Argument Calendar

_____

D. C. Docket No. 05-00213-CR-ORL-22KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRAULIO J. LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 26, 2007)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Braulio J. Lopez pleaded guilty to one count of knowingly possessing

computer files containing images of child pornography, which he had received

over the Internet, in violation of 18 U.S.C. § 2252A(a)(5)(B), and one count of knowingly distributing over the Internet computer files containing child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A).[1] The district court sentenced Lopez to serve 120 months in prison for the possession count and 240 months in prison for the distribution count—the statutory maximum for each violation.[2] See 18 U.S.C. § 2252A(b)(2) (prescribing maximum prison term of "not more than ten years" for possession of child pornography); 18 U.S.C. § 2252A(b)(1) (prescribing maximum prison term of "not more than 20 years" for distribution of child pornography). The district court ordered Lopez's prison terms to run concurrently and imposed on him a term of supervised release lasting for the rest of his life. Lopez challenges his conviction and sentence on three grounds.

First, under the Commerce Clause, Lopez argues that the CPPA is unconstitutional on its face and that § 2252A is unconstitutional as applied to his conduct. Lopez makes these arguments for the first time on appeal. As Lopez concedes in his brief to this court, his Commerce Clause challenges to the statute are foreclosed by our precedent, and we reject them for that reason. See United

---

[1] These provisions are part of the Child Pornography Prevention Act of 1996 (CPPA), Pub. L. No. 104-208, § 121, 110 Stat. 3009-26 (codified as amended in scattered sections of 18 U.S.C. ch. 110).

[2] The Federal Sentencing Guidelines yielded an advisory sentencing range of 235-293 months in prison, based on a criminal history category of II and an adjusted offense level of 37.

States v. Maxwell, 446 F.3d 1210 (11th Cir. 2006).[3]

Second, Lopez argues that his sentence must be vacated as unreasonable because 240 months in prison is greater punishment than is necessary to comply with the purposes of sentencing expressed in § 3553(a)(2).

Third, Lopez argues that we should vacate his sentence because of the district court's failure to address his principal argument at sentencing regarding the lack of an identifiable victim. Lopez argues that the district court's failure to rule on this argument violated Federal Rule of Criminal Procedure 32(i)(3)(B). In support of this argument, which is made for the first time on appeal, Lopez relies on United States v. Cunningham, 429 F.3d 673 (7th Cir. 2005). In a similar vein, Lopez argues that his sentence must be vacated as unreasonable because the district court did not adequately take into consideration the "nature and circumstances of the offense," as required by 18 U.S.C. § 3553(a)(1). Lopez's sole argument in the district court, in mitigation of his sentence, was that "no children were directly harmed in this case." The lack of direct harm is the relevant "circumstance" of his

---

[3] Lopez's as-applied challenge is indistinguishable from the challenge rejected in Maxwell. Moreover, because we rejected an as-applied challenge in Maxwell—thus holding that § 2252A was constitutional under the Commerce Clause as it applied to Maxwell's conduct—Lopez's facial challenge to the CPPA necessarily fails because, as Maxwell confirms, Lopez cannot show that there is no set of circumstances under which it can be constitutionally applied. See United States v. Salerno, 481 U.S. 739, 745, 107 S. Ct. 2095, 2100 (1987) ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid").

3

offense that Lopez says the district court failed to take into consideration.

Having rejected Lopez's Commerce Clause challenges to the CPPA, we turn now to consider his second and third arguments.

I.

A.

We review for reasonableness the sentence imposed by the district court. See United States v. Owens, 464 F.3d 1252, 1254 (11th Cir. 2006). Such review is deferential, requiring us to evaluate "whether the sentence imposed by the district court fails to achieve the purposes of sentencing." United States v. Talley, 431 F.3d 784, 788 (11th Cir.2005). Moreover, the reasonableness standard is applied to the ultimate sentence, not to each individual decision made during the sentencing process. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in [] light of both [the] record and the factors in § 3553(a)." Talley, 431 F.3d at 788.

In imposing its sentence, the sentencing court must consider the factors listed in § 3553(a). United States v. Scott, 426 F.3d 1324, 1328-1329 (11th Cir. 2005). These factors include: 1) the nature and circumstances of the offense; 2) the history and characteristics of the defendant; 3) the need for the sentence imposed to

4

reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; 4) the need for the sentence to afford adequate deterrence to criminal conduct; and 5) the need for the sentence to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a). District courts need not explicitly consider on the record every individual § 3553(a) factor; an indication that the court adequately and properly considered appropriate factors in conjunction with the sentence will be sufficient. Scott, 426 F.3d at 1329 (imposing sentence at low end of guidelines range). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court. We will not substitute our judgment in weighing the relevant factors because our review is not de novo." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006). Moreover, although a sentence within the advisory guidelines range is not per se reasonable, we ordinarily expect such a sentence to be reasonable. Tally, 431 F.3d at 787-788.

## B.

Lopez argues that his 240-month sentence is unreasonable because it is a longer sentence than is necessary to comply with the purposes of sentencing expressed in § 3553(a)(2). He says that the 240-month sentence is unduly harsh "in light of the fact that [he] had only one prior conviction" and in light of the fact

5

that "the government, itself, recommended a sentence lower than 20 years." Lopez further argues that, in fashioning a sentence, a district court is required under § 3553(a) "to start with the minimum sentence permissible and add only so much additional punishment, *if any*, as necessary to comply with the purposes of § 3553." He cites no authority for this proposition and we have found none.

We are satisfied from the record in this case that the district court properly calculated the guideline range and sufficiently considered the § 3553(a) factors. See Scott, 426 F.3d at 1329-30; Talley, 431 F.3d at 786. The facts Lopez relies upon in his brief as justifying a sentence less than 240 months—(1) his single prior conviction and (2) the Government's statement at sentencing that it would have been content with a 235-month sentence—do not in our view undermine the overall reasonableness of his sentence. In focusing strictly on his past criminal history, Lopez ignores the serious nature of the present offenses to which he pleaded guilty and disregards the effect of his crimes on vulnerable children. Moreover, the mere fact that the Government would not have objected to a sentence that was five months shorter than the one ultimately imposed by the court is simply irrelevant to our review of the reasonableness of a district judge's sentencing determination. Accordingly, we reject Lopez's argument that the 240-month imposed on him was "greater than necessary [] to comply with the purposes

6

set forth in [§ 3553(a)(2)]."  18 U.S.C. § 3553(a).

## II.

## A.

We "review[] questions involving the legality of a sentence <u>de novo</u>." <u>United States v. Vincent</u>, 121 F.3d 1451, 1453 (11th Cir. 1997).  Where a defendant failed to raise an issue in the district court, however, we review only for plain error.  <u>Peters</u>, 403 F.3d at 1270.  To satisfy the plain-error standard, this Court must find that (1) the district court committed "error," (2) the error was plain or obvious, and (3) the error "affected substantial rights" in that the error was prejudicial and not harmless.  <u>United States v. Olano</u>, 507 U.S. 725, 730-32, 113 S.Ct. 1770, 1776, 123 L.Ed. 2d 508 (1993).  An error is not plain "unless the error is clear under current law."  <u>Id.</u> at 734, 113 S.Ct. at 1777.  If these criteria are met, this Court may, in its discretion, correct the plain error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."  <u>Id.</u> at 736, 113 S.Ct. 1779 (internal quotations and citation omitted).  Moreover, an error is not plain unless it is contrary to precedent directly resolving a legal issue. <u>Lejarde-Rada</u>, 319 F.3d at 1291.

## B.

Lopez argues for the first time on appeal that the district court violated

7

Federal Rule of Criminal Procedure 32(i)(3)(B) when, at sentencing, it "fail[ed] to address, *at a minimum*, [Lopez's] principal argument [in mitigation of the statutory maximum sentence] regarding the lack of an identifiable victim." Rule 32(i)(3)(B) provides as follows: "At sentencing, the court must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." The Rule requires "a district court, at the sentencing stage, to make independent findings establishing the factual basis for its Guideline calculations." United States v. Hamaker, 455 F.3d 1316, 1338 (11th Cir. 2006).

We find Lopez's Rule 32 argument to be without merit because subsection (i)(3)(B), on its face, is inapplicable in this case. A district court's obligation under Rule 32(i)(3)(B) arises only when there is a "dispute" between the parties in need of judicial resolution—whether that dispute regards some portion of the presentence report or some "other controverted matter." Lopez does not argue that he disputed any portion of the presentence report. Rather, he says that his mitigation argument—the lack of an identifiable child victim—was a "controverted matter" for purposes of the Rule. It was not.

"Controverted" means "to dispute or oppose by reasoning." MIRRIAM

8

WEBSTER'S COLLEGIATE DICTIONARY 252 (10th ed. 1993).  The Government did not dispute the fact that Lopez's crime did not involve contact with an identifiable minor.  Thus there was no "dispute" for the district court to have ruled on.  Instead, Lopez's argument was merely an argument in mitigation of his sentence.

Contrary to Lopez's assertion, we are persuaded by our reading of the record that the district court did not fail to consider Lopez's mitigation argument—rather, it appears that the district court simply rejected it as a basis for departing below the advisory guidelines range.[4]  That decision was reasonable, and we find no Rule 32 violation.

### III.

Upon review of the record and consideration of the parties' briefs, we find no reversible error and, accordingly, affirm Lopez's conviction and sentence.

**AFFIRMED.**

---

[4] We accordingly reject Lopez's argument that the district court failed to consider the "circumstances of the offense" under § 3553(a)(1).