[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11459
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-20591-UU-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN PAEZ-VEGA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 29, 2014)

Before TJOFLAT, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Juan Paez-Vega appeals his total 120-month sentence, imposed as an upward variance from the advisory guideline range of 63 to 78 months, after being convicted by a jury of conspiracy to assist an alien with an aggravated felony to unlawfully enter the country, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), (a)(1)(A)(v)(I) (Count 1); inducing aliens to unlawfully enter the country, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) (Counts 15, 18-32); and alien smuggling for private financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) (Counts 46, 49-63). On appeal, Paez-Vega argues that, despite the court's statement that it was imposing a variance, the court actually imposed a departure based on grounds not contained within the presentence investigation report ("PSI"). Therefore, he asserts, the court erred by failing to give prior notice of its intention to depart upward from the guideline range. Paez-Vega also argues that his sentence was procedurally unreasonable because the court based its decision on clearly erroneous facts. Specifically, there was no evidence that Paez-Vega was as culpable as his son, Lazaro Juan Paez ("Lazaro"), who was found guilty of more smuggling counts than Paez-Vega, and there was no reason for the court to discount Paez-Vega's history of mental illness. Lastly, Paez-Vega contends that his sentence was substantively unreasonable, because no special factors warranted an upward variance. In addition, the need to avoid unwarranted sentence

2

disparities, he argues, did not justify raising his sentence to match Lazaro's guideline range sentence.

We address each of Paez-Vega's arguments in turn.

## I.

When a party does not object to a perceived sentencing error at the district court, we review for plain error only. *United States v. Castro*, 455 F.3d 1249, 1251 (11th Cir. 2006). Under plain-error review, the defendant must initially establish that the district court committed an error, that the error was plain, and that the error affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). The fourth requirement is that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

A court can sentence outside of the applicable guideline range by applying a departure or a variance. *See Irizarry v. United States*, 553 U.S. 708, 714-15, 128 S.Ct. 2198, 2202-03, 171 L.Ed.2d 28 (2008) (discussing the different processes for arriving at an above-guideline sentence in terms of variances versus departures). A court must provide the defendant with advance notice that it is contemplating a departure based on information not contained in the PSI. *United States v. Valentine*, 21 F.3d 395, 397 (11th Cir. 1994) (citing *Burns v. United States*, 501 U.S. 129, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991)). A variance, on the other hand,

3

is justified by the 18 U.S.C. § 3553(a) factors and does not require notice because the statute makes the defendant aware of the facts that will be considered. *See Irizarry*, 553 U.S. at 712-13, 128 S.Ct. at 2201-02 (affirming that, post-*Booker*,[1] parties know the Guidelines are merely advisory). When a court imposes a departure, it cites to specific guideline departure provisions, and when it imposes a variance, it explicitly considers the § 3553(a) factors and determines that the Guidelines were inadequate. *United States v. Kapordelis*, 569 F.3d 1291, 1316 (11th Cir. 2009).

Paez-Vega's argument that the court failed to give notice of its intention to depart from the guideline range must be reviewed for plain error, because Paez-Vega did not ask for a continuance or otherwise object to the lack of notice during his sentencing hearing. *Castro*, 455 F.3d at 1251. Thus, applying the standard, Paez-Vega's argument fails at the first prong, because the court committed no error. *Olano*, 507 U.S. at 732, 113 S.Ct. at 1776. The court imposed an above-guideline sentence based on a variance, not a departure. The court called the procedure a variance twice, and related that it was going to use its power under *Booker* to accomplish the variance. It also stated that the Guidelines were not adequate in this case and then emphasized § 3553(a) factors in explaining its decision. The court made no mention of any departure provisions. All of the

---

[1] *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

court's actions were consistent with variances, not departures, so no notice was required and no error occurred. *Irizarry*, 553 U.S. at 712-13, 128 S.Ct. 2201-02; *Olano*, 507 U.S. at 732, 113 S.Ct. at 1776; *Kapordelis*, 569 F.3d at 1316.

## II.

We review the reasonableness of the sentence imposed under a deferential abuse of discretion standard of review. *United States v. Thompson*, 702 F.3d 604, 606-07 (11th Cir. 2012), *cert. denied*, 133 S.Ct. 2826 (2013). The party challenging the sentence carries the burden to establish that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010). In reviewing the reasonableness of a sentence, we first ensure that the sentence was procedurally reasonable, meaning the district court, *inter alia*, did not select a sentence based on clearly erroneous facts. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

The § 3553(a) factors include the need of the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). Other factors include the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the applicable guideline range, the pertinent policy

statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

When the district court decides after "serious consideration" that a variance is in order, based on the above § 3553(a) factors, it should explain why that variance "is appropriate in a particular case with sufficient justifications." *Gall*, 552 U.S. at 46, 128 S.Ct. at 594. The court may rely on acquitted conduct when justifying the variance, "so long as [it] does not impose a sentence that exceeds what is authorized by the jury verdict." *United States v. Campbell*, 491 F.3d 1306, 1314 (11th Cir. 2007).

Paez-Vega's procedural reasonableness argument fails because the court did not abuse its discretion by basing its decision on clearly erroneous facts. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597; *Thompson*, 702 F.3d at 606-07. The court concluded that Paez-Vega was as culpable as Lazaro after looking at the evidence presented at trial and within the PSI, even though the jury acquitted Paez-Vega of some of the charges. While the court could not sentence Paez-Vega for the acquitted counts, it could still rely on all of the evidence presented to justify a variance. *Campbell*, 491 F.3d at 1314. Because there is no dispute that the court chose a sentence within the statutory limit authorized by the jury, its consideration of Paez-Vega's acquitted conduct was proper. *Id.* Furthermore, the court's decision to discredit

6

Paez-Vega's mental health diagnoses was supported by the facts that Paez-Vega's ex-girlfriend believed he was faking the illnesses so that he could receive Social Security benefits and a government psychologist concluded that he is a "non-conforming individual" who refuses to admit to his own wrongdoings.  As such, Paez-Vega's sentence was procedurally reasonable.  *Gall*, 552 U.S. at 51, 128 S.Ct. at 597.

III.

After we consider the procedural reasonableness of a sentence, we assess the substantive reasonableness, taking into account the extent of any variance, based on the totality of the circumstances and the § 3553(a) factors.  *Id.* at 51, 128 S.Ct. at 597.  One of the factors is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).  We have determined that a variance to prevent a disparity between codefendants is warranted only when the codefendants are "similarly situated."  *United States v. McQueen*, 727 F.3d 1144, 1159 (11th Cir. 2013).

Similarly situated defendants are those convicted of the same type of offense (i.e. felony versus misdemeanor), in the same manner (i.e. plea bargain versus trial), based on similar conduct of offense.  *Id.* at 1159-60.  However, any § 3553(a) factor, including criminal history, may also be the basis for concluding

7

that two defendants are similar or dissimilar.  *See United States v. Owens*, 464 F.3d 1252, 1255 (11th Cir. 2006) (upholding a district court's examination of the § 3553(a) factors to conclude that a sentence disparity between defendants was warranted).

Furthermore, whenever a court imposes a variance, it must have a sufficiently compelling justification to support the degree of the variance.  *Gall*, 552 U.S. at 50, 128 S.Ct. at 597.  The justification can include facts already accounted for by the Guidelines.  *United States v. Amedeo*, 487 F.3d 823, 833-34 (11th Cir. 2007).  However, a court can abuse its discretion in reaching an above-guideline sentence when it gives an improper or irrelevant factor significant weight.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).  Unjustified reliance upon any one of the § 3553(a) factors may also indicate an unreasonable sentence.  *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006).

Here, the court's justifications were sufficiently compelling.  *Gall*, 552 U.S. at 50, 128 S.Ct. at 597.  First, the smuggling ventures were more dangerous than most because Paez-Vega and Lazaro recruited pilots who did not know how to steer boats.  While the Guidelines take into account endangerment of life, the court found that they did so insufficiently in this case.  U.S.S.G. § 2L1.1(b)(6).  Furthermore, it is permissible to consider certain factors already contemplated by

8

the Guidelines when setting a variance. *Amedeo*, 487 F.3d at 833-34. Second, Paez-Vega and Lazaro structured the ventures so that others would take the blame if caught. They rode in a separate boat from their recruited pilot and the aliens during the last of the three ventures, told the pilot not to mention their names, and Paez-Vega helped transfer title to one of the boats so that they could not be linked to the crime. The court also found that Paez-Vega's personal characteristics made him "irredeemable." He displayed disrespect for the law by lying under oath, and showed an exceptionally "cynical" disregard for human life. Moreover, as was noted at sentencing, his perjury was not taken into account by the Guidelines, because the court did not add points for obstruction of justice. Thus, there was a web of sufficiently compelling justifications for Paez-Vega's above-guideline sentence. *Gall*, 552 U.S. at 50, 128 S.Ct. at 597.

The court's determination to eliminate the disparity between Paez-Vega's and Lazaro's guideline sentences was also reasonable. Paez-Vega and Lazaro were similarly situated: both men were convicted at trial for felonious conspiracy and smuggling offenses. *McQueen*, 727 F.3d at 1159-60. Even if Paez-Vega was acquitted of some of the smuggling counts, the crimes were of the same nature and neither entered a plea. *Id.* Paez-Vega also had a criminal history category of I, while Lazaro fell into category II, but the remaining § 3553(a) factors, particularly

the nature and circumstances of the smuggling ventures, show that the two can still be considered similarly situated.  *See Owens*, 464 F.3d at 1255.

Moreover, even if the court erred in its consideration or application of § 3553(a)(6), the sentence would be substantively unreasonable only if that factor received "significant weight," and the record shows that it did not.  *Irey*, 612 F.3d at 1189.  The court spent more time discussing the factual bases for the variance than the need to equalize Paez-Vega's and Lazaro's sentences, suggesting that the weight attached to § 3553(a)(6) was not particularly significant.  *Id.*  Lastly, the court did not single-mindedly rely on any of the factors to the detriment of the rest, as it considered the nature and circumstances of the offense, Paez-Vega's personal history and characteristics, the range of sentences available, and the need to avoid unwarranted sentence disparities.  18 U.S.C. § 3553(a); *see Crisp*, 454 F.3d at 1292.

Accordingly, we hold that the sentence is substantively and procedurally reasonable, and that the district court did not err by applying an upward variance without giving Paez-Vega prior warning.

**AFFIRMED.**

10