[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11496
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cr-00090-LC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL CUELLAR CASTRO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 19, 2015)

Before TJOFLAT, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Daniel Cuellar Castro appeals his 12-month sentence, which constituted a variance above the advisory guideline range, following his conviction for illegal re-entry. Mr. Castro argues that his sentence is procedurally and substantively unreasonable. Upon review of the parties' briefs and the record, we disagree, and therefore affirm.

## I

Mr. Castro pled guilty to one count of illegal re-entry, in violation of 8 U.S.C. § 1326(a). According to the pre-sentence report this was not his first such violation.

He initially entered the United States in 1994 on a visa but was deported in 2002 after the visa was cancelled. Mr. Castro first re-entered the United States on June 8, 2007, but was caught at the Houston airport and again deported. On June 12, 2007, he was apprehended while attempting to re-enter a second time. He pled guilty at that time to a charge of illegal re-entry, was sentenced to unsupervised probation, and deported. Mr. Castro again re-entered without permission, and was arrested, in November of 2008. The case was no-prossed. On November 12, 2012, Mr. Castro was arrested in the U.S. Virgin Islands and deported to Mexico. His next re-entry, sometime between December of 2012 and November of 2013, led to the instant conviction.

2

Mr. Castro was assigned a base offense level of 8 under U.S.S.G § 2L1.2(a), which was reduced by 2 levels for acceptance of responsibility.  With a criminal history category of  I,  his resulting advisory guideline range was 0-6 months.  The district court varied upward and imposed a sentence of 12 months' imprisonment.  In doing so, the court stated that it considered the factors set forth in 18 U.S.C. § 3553(a).  The court noted that Mr. Castro was a repeat offender, explained that his conduct was a burden on the courts, and stated that it believed the sentence was necessary to punish Mr. Castro and deter further criminal conduct.  *See* D.E. 44 at 9–10 (sentencing transcript).

## II

We review the reasonableness of a sentence for abuse of discretion.  *United States v. Moran*, 778 F.3d 942, 982 (11th Cir. 2015).  The party challenging the sentence has the burden of establishing that the sentence is unreasonable.  *Id.*   In reviewing the reasonableness of a sentence, we first ensure that the district court committed no significant procedural error and then examine whether the sentence is substantively reasonable in light of the totality of the circumstances.  *Gall v. United States*, 552 U.S. 38, 51(2007).

## A

We find no procedural error.  The district court correctly calculated the advisory guideline range and considered the § 3553(a) factors.  On this record, the

district court's statement that it considered the § 3553(a) factors is sufficient. *See United States v. Owens*, 464 F.3d 1252, 1254 (11th Cir. 2006). Although Mr. Castro argues that the district court focused solely on deterrence, our review of the record shows that the court considered other relevant factors as well. And the weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *See United States v. Garza–Mendez*, 735 F.3d 1284, 1290 (11th Cir. 2013). *See also United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009) (explaining that although a district court must evaluate each of the § 3553(a) factors, it is permitted to assign different weight to each of the relevant factors).

Moreover, the district court did not err in assigning significant weight to Mr. Castro's past conduct. Mr. Castro had, in fact, illegally entered the United States various times and had been deported four times. When the district court remarked that Mr. Castro's actions were "four times greater than that of the norm[al offender]," it was simply pointing out, correctly, that Mr. Castro is a recidivist.

**B**

We also conclude that Mr. Castro's sentence is not substantively unreasonable. A sentence is substantively unreasonable if it "does not achieve the purposes of sentencing stated in § 3553(a)." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotations omitted). In addition, a sentence may be substantively unreasonable if a district court unjustifiably relied on any one §

3553(a) factor, failed to consider pertinent § 3553(a) factors, selected the sentence arbitrarily, or based the sentence on impermissible factors. *Id.* at 1191–92.

If a district court imposes a sentence outside the advisory guidelines range, it should explain why the variance is appropriate. *Shaw*, 560 F.3d at 1238. The district court should justify the variance with reasons compelling enough to support the sentence. *Id.* The justifications must be "complete enough to allow meaningful appellate review." *Id.* We have explained, however, that "extraordinary justifications" are not required to support a variance above the advisory guideline range. *See Id.*

Here, considering the § 3553(a) factors, the district court expressed concern over the burden that Mr. Castro's repeated and similar illegal conduct placed on the courts, and stated that, based on this previous conduct, a 12-month sentence was necessary to punish and deter Mr. Castro. As noted above, we conclude that the district court did not rely exclusively on any one factor. Nor was the district court unjustified in emphasizing the need for deterrence given that Mr. Castro had repeatedly flouted the law. We also note that Mr. Castro's sentence is well within the two-year statutory maximum, which is some indication that the sentence is reasonable. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

## III

Mr. Castro's 12-month sentence is neither procedurally nor substantively unreasonable. Accordingly, we affirm.

**AFFIRMED.**