[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12098
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20758-MGC-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL LAZARO VALDES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 6, 2018)

Before MARCUS, WILLIAM PRYOR and GRANT, Circuit Judges.

PER CURIAM:

Gabriel Valdes appeals his 57-month sentence after pleading guilty to conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine. On appeal,

Valdes argues that his sentence is procedurally and substantively unreasonable. After careful review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotation omitted). In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1] The district court need not explicitly say that it considered the § 3553(a) factors, as long as the court's comments show it considered the factors when imposing sentence. United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007). An acknowledgement that

---

[1]      The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

2

the court considered the defendant's arguments and the § 3553(a) factors is adequate. United States v. Owens, 464 F.3d 1252, 1255 (11th Cir. 2006).

If we conclude that the district court did not procedurally err, we consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard," based on the "totality of the circumstances." Pugh, 515 F.3d at 1190 (quotation omitted). The weight to give to any specific § 3553(a) factor is committed to the discretion of the district court. United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007). "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted). We will only vacate the sentence if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted). However, a court may abuse its discretion if it (1) fails to consider relevant factors that are due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing a proper factor unreasonably. Id. at 1189. Also, a court's unjustified reliance on any

3

one § 3553(a) factor may be a symptom of an unreasonable sentence. United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006).

We ordinarily expect a sentence falling within the guideline range to be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008). A sentence well below the statutory maximum is another indicator of reasonableness. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam). The party challenging the sentence bears the burden of showing that the sentence is unreasonable in light of the record and the § 3553(a) factors. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

Here, Valdes has not shown that his sentence is unreasonable. To the extent Valdes argues that the district court committed procedural error by placing too much reliance on his guideline range and failing to adequately consider all of the § 3553(a) factors, we disagree. A district court need not discuss each § 3553(a) factor. Dorman, 488 F.3d at 944. Indeed, a district court may satisfy its obligations with regard to § 3553(a) by acknowledging that it has considered the defendant's arguments and the § 3553(a) factors, Owens, 464 F.3d at 1255, and here the district court did both. Moreover, the district court responded to Valdes's arguments, which demonstrates that it considered them.

The 57-month sentence imposed by the district court, which was the bottom of Valdes's guideline range, was also substantively reasonable. According to the

undisputed facts of the presentence investigation report ("PSI"), Valdes twice sold methamphetamine to an undercover detective, and was held accountable for thousands of kilograms of marijuana equivalent. He then continued using drugs after being arrested and released on bond and attempted to deceive the probation office about that use. Moreover, the sentence imposed by the court was within the guideline range, Hunt, 526 F.3d at 746, and well below the statutory maximum, Gonzalez, 550 F.3d at 1324, which may be considered additional indicators of reasonableness. On this record, the district court did not abuse its discretion in imposing a 57-month sentence.

As for Valdes's remaining arguments, we are not persuaded. Valdes notes that he is young, single, and lives with his mother, but does not explain how those factors impact what an appropriate sentence would be in his case. Valdes adds that he was terribly addicted to drugs, that fact was the cause of his poor decisions, and he was displaying considerable progress in his treatment, but the district court expressly considered these facts in sentencing Valdes and found that they did not excuse his criminal conduct. Although Valdes may wish that the court had weighed that factor differently, the weight to give each § 3553(a) factor is committed to the discretion of the district court, Clay, 483 F.3d at 743, and there is no indication, based on the totality of circumstances, that the sentence imposed was unreasonable. Snipes, 611 F.3d at 872.

As for Valdes's claim that his success in a substance abuse treatment program indicates that he poses no threat to society, the fact that he was already found using drugs while on bond and receiving treatment cuts against this argument. Finally, Valdes says that, in light of his minimal criminal history, he should have been sentenced to less than 57 months' imprisonment, but as the district court noted, his lack of criminal history was accounted for in his guideline range. Nor has he demonstrated that his sentence was outside the range of reasonable choices. Irey, 612 F.3d at 1190. Valdes has therefore not carried his burden to prove that his sentence was substantively unreasonable. Tome, 611 F.3d at 1378.

**AFFIRMED**.