[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10917
Non-Argument Calendar
_____

D.C. Docket No. 6:18-cr-00019-PGB-LRH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTIAN DIOR BOB,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 26, 2019)

Before NEWSOM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Christian Bob appeals the district court's imposition of a 24-month sentence for possessing 15 or more counterfeit credit cards.  He argues that the sentence is substantively unreasonable given the district court's 10-month upward variance from Bob's calculated Guidelines' range.  After review of the record, we affirm.

Bob and codefendant Kendal Mitchell were indicted for possessing 15 or more counterfeit and unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3), and for possessing device-making equipment, in violation of 18 U.S.C. § 1029(a)(4).  Bob pleaded guilty to possessing the unauthorized access devices.

While the statutory maximum was 120 months, Bob's presentence investigation report calculated a Guidelines' range of 8–14 months, given Bob's offense level of 10 and criminal history category of II.  Bob did not object to the presentence investigation report or the district court's adoption of the report at sentencing.  Bob also did not object to the court's upward variance.  We therefore review the substantive reasonableness of his sentence, the only claim he raises in this appeal,[1] for plain error.  *United States v. Bacon*, 598 F.3d 772, 777 (11th Cir. 2010) (citation omitted).

---

[1] Bob's brief makes a passing reference to what appears to be a procedural reasonableness claim, but makes no argument on the issue.  Therefore, it is not properly before this Court.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014); *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) ("[A] party seeking to raise a claim or issue on appeal must plainly and prominently so indicate.").

After extensive consideration of Bob's personal characteristics—including a difficult childhood marred by parental abandonment and childhood illness—as well as the sentencing factors in 18 U.S.C. § 3553(a), the district court determined that "the need for the sentence to reflect how serious this crime is and to adequately deter [Bob] from future criminal conduct" necessitated an above-Guidelines range.  This was particularly so, the district court held, given that his codefendant Mitchell had received a 30-month sentence.  On appeal, Bob now argues that the consideration of Mitchell's sentence—which was based in part on Mitchell's criminal history unrelated to the credit card fraud—resulted in a substantively unreasonable sentence.

As we have explained in prior cases, a codefendant's sentence can be considered in an effort to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6); *see also United States v. Owens*, 464 F.3d 1252, 1255 (11th Cir. 2006) (considering the argument that a sentence was substantively unreasonable compared to codefendants' shorter sentences).  Far from improperly penalizing Bob for Mitchell's unrelated criminal history, the court imposed a sentence "less than Mr. Mitchell" precisely because he did not participate in Mitchell's unrelated "fraud that predated this" credit-card scheme.  The fact that the district court discussed Mitchell's sentence at length does not render the

3

resulting sentence substantively unreasonable.  "The district court must evaluate all of the § 3553(a) factors, but it may attach great weight to one factor over others." *United States v. Dougherty*, 754 F.3d 1353, 1361 (11th Cir. 2014) (quotation omitted).  The weight to be given each § 3553(a) factor is within the district court's sound discretion.  *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013).

After considering the sentencing factors set forth in 18 U.S.C. §§ 3551 and 3553, the district court concluded that a 24-month sentence was warranted.  It found "this sentence [ ] sufficient but not greater than necessary to comply with the statutory purposes of sentencing."  We do not presume that a sentence outside the Guidelines' range is unreasonable, and this is not the rare case in which we will reverse the district court's reasoned conclusion that the § 3553(a) factors justified the extent of the variance.  *See United States v. Turner*, 626 F.3d 566, 573–74 (11th Cir. 2010) (citation omitted).

**AFFIRMED.**

4