[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15122

_____

D. C. Docket No. 2:10-cr-00125-WHA-CSC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODNEY EDWARD THOMPSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(December 11, 2012)

Before DUBINA, Chief Judge, CARNES and ANDERSON, Circuit Judges.

DUBINA, Chief Judge:

Appellant Rodney Thompson appeals the district court's denial of his motion to dismiss the indictment charging him with a violation of 18 U.S.C. § 922(g)(1). Thompson also appeals his sentence on substantive reasonableness grounds. After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we affirm.

## I.

Thompson was convicted of first degree assault in Alabama state court in March 1994. Following his conviction, Thompson lost the right to possess a firearm, to hold office, to serve on juries, and to vote. *See* 18 U.S.C. § 922(g)(1) (loss of right to possess firearm); ALA. CODE § 36-2-1(a)(3) (loss of right to hold public office); ALA. CODE § 12-16-150(5) (loss of right to serve on juries); ALA. CODE § 15-22-36.1(a)(1) (loss of right to vote). In 2005, Thompson applied to the State of Alabama for restoration of his civil rights. Thompson received a letter from the State of Alabama Board of Pardons and Paroles on January 10, 2006. That letter stated in part, "ENCLOSED IS YOUR CERTIFICATE OF RESTORATION OF VOTER REGISTRATION RIGHTS." The certificate attached to the letter is entitled "CERTIFICATE OF RESTORATION OF VOTER REGISTRATION RIGHTS," and states that "IT IS ORDERED THAT THE RIGHTS AS AN ELECTOR THAT WERE FORFEITED AS A RESULT OF

2

THE AFORESAID CONVICTION(S) BE AND THEY ARE HEREBY RESTORED." The certificate also states that it "AUTHORIZES THE RECIPIENT TO REGISTER TO VOTE; HAVING SO REGISTERED, TO PARTICIPATE AS AN ELECTOR OF THE STATE OF ALABAMA. THIS CERTIFICATE IS NOT A PARDON AND DOES NOT RESTORE, REMOVE OR ADDRESS ANY OTHER RIGHTS, PRIVILEGES OR REQUIREMENTS." A separate letter, dated January 13, 2006, from the State of Alabama Board of Pardons and Paroles states, "This certificate serves ONLY the function of allowing you to register to vote, and addresses no other right or function. If you desire to have any additional rights restored, please inquire at your local probation and parole office."

In September 2009, the Montgomery Police Department arrested Thompson while he was in possession of a firearm. In July 2010, a federal grand jury charged Thompson in a one-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Thompson entered an unconditional guilty plea in May 2011. Before sentencing, the district court held a status conference to explore Thompson's argument, raised several months earlier in a supplemental brief unaccompanied by a motion, that the restoration of his voting rights negated his status as a felon under 18 U.S.C. § 921(a)(20). The district court allowed

3

Thompson to file a motion to dismiss the indictment so the court could address his argument. The district court found that § 921(a)(20) does not apply when only voting rights are restored, even though there may be multiple attendant rights attached to the key right to vote, and denied Thompson's motion to dismiss.

## II.

As a threshold matter, the court finds it appropriate to address subject matter jurisdiction *sua sponte*. While an unconditional guilty plea acts as a waiver of all non-jurisdictional challenges to a conviction, challenges to subject matter jurisdiction cannot be waived. *United States v. Betancourth*, 554 F.3d 1329, 1332 (11th Cir. 2009). Accordingly, we conclude that Thompson's argument that the indictment fails to charge an offense that implicates the district court's jurisdiction was not waived by his unconditional guilty plea, *see United States v. Bell*, 22 F.3d 274, 275 (11th Cir. 1994), and his appeal is properly before this court.

## III.

Whether a prior conviction under state law counts as a prior conviction for purposes of § 922(g)(1) is "a question of law which is subject to *de novo* review in this court." *United States v. Willis*, 106 F.3d 966, 967 (11th Cir. 1997). The court reviews the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).

4

IV.

Thompson contends that he should not have been convicted under 18 U.S.C. § 922(g)(1), which makes it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . [to] possess in or affecting commerce, any firearm or ammunition[.]" § 922(g)(1).  Thompson does not argue that he was never convicted of a felony in state court.  Rather, he argues that because his right to vote was restored, he falls within the 18 U.S.C. § 921(a)(20) exception, which provides that "[a]ny conviction . . . for which a person . . . has had *civil rights restored* shall not be considered a conviction for purposes of this chapter, unless such . . . . restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."  § 921(a)(20) (emphasis added).

Neither the statute nor the legislative history clarifies which civil rights must be restored to a convicted felon in order to satisfy the § 921(a)(20) exception.  We have held that where a convicted felon's civil rights are "unreservedly" restored, he qualifies for the § 921(a)(20) exception, *see United States v. Tait*, 202 F.3d 1320, 1323 (11th Cir. 2000), and that the exception does not apply where a convicted felon has no civil rights restored after his conviction, *see United States v. Nix*, 438 F.3d 1284, 1287–88 (11th Cir. 2006).  In *Nix*, we left open the question whether

5

"all civil rights must be restored or merely some of them, and if only some, which ones, in order for § 921(a)(20) to preclude a convicted felon's prosecution under § 922(g)(1)." *Id.* at 1287.  We must now decide whether the restoration of only the right to vote is a sufficient restoration of civil rights under § 921(a)(20) to preclude a convicted felon's prosecution under § 922(g)(1).

Our inquiry begins, as it always does, with the plain language of the statute. *See, e.g., Harris v. Garner*, 216 F.3d 970, 972–73 (11th Cir. 2000) (en banc). Under § 922(g)(1), a person with a prior felony conviction cannot legally possess a gun, unless he has had his "civil rights restored" as provided for in § 921(a)(20). This court has cited with approval decisions stating that the three key civil rights to which § 921(a)(20) refers are (1) the right to vote, (2) the right to serve on a jury, and (3) the right to hold public office.  *See Nix*, 438 F.3d at 1287–88.  Because § 921(a)(20) requires the restoration of "civil rights"—plural—more than one of those three key civil rights must be restored to satisfy the statutory requirements. This conclusion is in accord with the decisions of the majority of our sister circuits that have addressed the issue.  *See, e.g., United States v. Brown*, 408 F.3d 1016, 1017 (8th Cir. 2005) (concluding that § 921(a)(20) was not satisfied where a defendant's right to vote had been restored but his right to serve on a jury or to hold certain public offices had not); *United States v. Huff*, 370 F.3d 454, 460 (5th

6

Cir. 2004) (concluding that § 921(a)(20) was not satisfied where a defendant had only his right to vote restored); *United States v. Horodner*, 91 F.3d 1317, 1319 (9th Cir. 1996) (reasoning that "civil rights were not substantially restored" and § 921(a)(20) was not satisfied where a defendant's right to vote and to hold public office had been restored but his right to serve on a jury had not); *United States v. Maines*, 20 F.3d 1102, 1104 (10th Cir. 1994) (concluding that § 921(a)(20) was not satisfied where a defendant's right to vote had been restored but his right to serve on a jury or to hold public office had not); *United States v. Essig*, 10 F.3d 968, 975–76 (3d Cir. 1993) (finding that § 921(a)(20) was not satisfied where a defendant's right to serve on a jury had not been restored after his conviction, even though he had retained the right to vote and to hold public office); *United States v. Hassan El*, 5 F.3d 726, 734 (4th Cir. 1993) (concluding that § 921(a)(20) was not satisfied where a defendant's right to serve on a jury had not been restored).

Thompson argues that he falls within the § 921(a)(20) exception because "voting rights" encompasses several attendant rights, including the right to vote in federal elections, the right to vote in state elections, and the right to vote in primaries.  While one can view the right to vote as encompassing subsidiary rights associated with it, the fact remains that Thompson had only one of the three key civil rights restored:  the right to vote.  The restoration of only one of the three key

7

civil rights does not satisfy the plain language of § 921(a)(20), which requires a restoration of "civil *rights*." § 921(a)(20) (emphasis added). Accordingly, we conclude that the restoration of only Thompson's right to vote, and any attendant rights subsumed therein, is insufficient to satisfy § 921(a)(20).[1]

Finally, we conclude that Thompson's 12-month sentence, which is at the bottom of his guidelines range, is substantively reasonable and that the district court did not abuse its discretion in imposing that sentence.

V.

For the foregoing reasons, we affirm the district court's denial of Thompson's motion to dismiss the indictment and its imposition of sentence.

**AFFIRMED**.

---

[1] Although Thompson also argued in the district court that the rule of lenity supports his interpretation of the statute, he abandoned that argument by failing to include it in his brief to this court. *Holland v. Gee*, 677 F.3d 1047, 1066 (11th Cir. 2012) ("The law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." (alteration and quotation marks omitted)).