[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11079
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cr-00156-CEH-DAB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER ORLANDO PENA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 12, 2014)

Before PRYOR, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Javier Orlando Pena appeals his 46-month sentence, imposed at the lowest end of the applicable guideline range, after pleading guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Pena argues that his sentence was substantively unreasonable in light of the factors in 18 U.S.C. § 3553(a). Pena contends that a downward variance was justified by his history and personal characteristics. Pena also contends that the court placed undue emphasis on his criminal history.

We review a final sentence imposed by a district court for reasonableness under a deferential abuse of discretion standard. *United States v. Thompson*, 702 F.3d 604, 606-07 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 2826 (2013). The party challenging the sentence has the burden to establish that the sentence is unreasonable, based on the record and the § 3553(a) factors. *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010) (per curiam).

In reviewing a sentencing decision, we must ensure procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). Factors in determining procedural reasonableness include, for example, whether the district court properly calculated the guideline range and considered the § 3553(a) factors. *Id.* Once we determine that the sentence is procedurally reasonable, we must then consider the substantive reasonableness of the sentence. *Id.* A sentence may be substantively unreasonable if, under the

totality of the circumstances, it does not achieve the purposes stated in § 3553(a). *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

The district court is required to impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2). Those purposes are: to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to deter criminal conduct; to protect the public from the defendant's future criminal conduct; and to effectively provide the defendant with needed training, care, or treatment. 18 U.S.C. § 3553(a)(2). The district court must also consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

We ordinarily expect a sentence within the guideline range to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty is another indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam). Furthermore, the weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743

3

(11th Cir. 2007).  However, unjustified reliance upon any one of the § 3553(a) factors may indicate an unreasonable sentence.  *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006).

Upon review of the record and consideration of the parties' briefs, we affirm.  Pena's 46-month sentence is not substantively unreasonable.  The sentence was both within the guideline range and also significantly lower than the ten-year statutory maximum penalty.  While Pena argues that the district court failed to give due consideration to his background and characteristics under § 3553(a)(1), the court expressed sympathy for his difficult family situation and his struggles with substance abuse.  Pena also argues that the court placed undue emphasis on his criminal history, but the weight accorded to that factor was committed to the sound discretion of the district court.  *Clay*, 483 F.3d at 743.  The court may have emphasized Pena's lengthy criminal record and continuing drug use in determining his sentence, but it did not do so single-mindedly to the detriment of mitigating § 3553(a) factors.  *See Crisp*, 454 F.3d at 1292.  The record shows that the court considered the § 3553(a) factors and chose a sentence it believed to be no longer than necessary for achieving the purposes set forth in 18 U.S.C. § 3553(a).  Pena has not met his burden to show an abuse of discretion.

**AFFIRMED.**

4