[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12858
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20886-DMM-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VINCENT GLOVER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 7, 2014)

Before PRYOR, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Vincent Glover appeals his 80-month total sentence after he was found guilty of conspiracy to engage in the business of dealing firearms without a license, in violation of 18 U.S.C. § 371, engaging in the business of firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A), and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  On appeal, he argues that his 80-month total sentence is procedurally and substantively unreasonable.  Specifically, he argues that his total sentence was greater than necessary to meet the objectives of federal sentencing, that the district court incorrectly weighed the severity of the offense conduct and relied solely on his criminal history in imposing his total sentence, and that his criminal history overrepresented his likelihood of recidivism.

We review the reasonableness of a sentence under a deferential abuse of discretion standard.  *United States v. Thompson*, 702 F.3d 604, 606-07 (11th Cir. 2012), *cert. denied*, 133 S.Ct. 2826 (2013).  We may vacate a sentence only if the district court "committed a clear error of judgment" with regards to weighing the factors enumerated in § 3553(a) and arriving at a sentence that is outside the range of reasonableness.  *United States v. Alfaro-Moncada*, 607 F.3d 720, 735 (11th Cir. 2010).

In evaluating the reasonableness of a sentence, we use a two-step process. *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).  We first determine

if the sentence was procedurally reasonable by assessing whether the district court committed any

> significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

*Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct 586, 597, 169 L.Ed.2d 445 (2007). Next, we examine whether the sentence was substantively reasonable, taking into consideration the totality of the circumstances. *Id.*

The district court is required to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in" 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). The purposes set forth in § 3553(a)(2) include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and to protect the public from future crimes of the defendant. 18 U.S.C. § 3553(a)(2). The court is also required to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims when sentencing a defendant. *Id.* § 3553(a)(1), (3)-(7).

The party challenging the sentence bears the burden of proving that it is unreasonable. *United States v. Bane*, 720 F.3d 818, 824 (11th Cir.), *cert. denied*, 134 S.Ct. 835 (2013). In determining whether a sentence is reasonable, if the district court considers the factors enumerated in § 3553(a), it is not required to discuss each individual factor. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). Further, the district court's acknowledgment that it considered the defendant's arguments and the § 3553(a) factors is sufficient to demonstrate that adequate and proper consideration was given to those factors and thereby render the sentence procedurally reasonable. *United States v. Scott*, 426 F.3d 1324, 1330 (11th Cir. 2005).

A sentence is potentially unreasonable if the district court unjustifiably relied on a single factor. *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir.), *cert denied*, 134 S.Ct. 140 (2013). "However, significant reliance on a single factor does not necessarily render a sentence unreasonable," and we have held that the weight given to any specific § 3553(a) factor is in the sole discretion of the district court. *Id.* Further, we ordinarily expect a sentence within the guideline range to be reasonable. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). A sentence imposed well below the statutory maximum is another indicator of reasonableness. *See id.*

4

The district court, however, must avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct. *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009). Yet, a defendant who cooperates with the government and enters a plea agreement is not similarly situated to a defendant who does not cooperate and proceeds to trial. Further, there is no unwarranted disparity when a cooperating defendant receives a "substantially shorter" sentence than a defendant who does not cooperate. *Id.* at 1101.

Glover's total sentence is procedurally reasonable. In issuing its sentence, the district court properly calculated Glover's guideline range, treated the Guidelines as advisory, and adequately explained that it considered the statements of the parties, the PSI, and the § 3553(a) factors. Such a statement was sufficient to demonstrate that adequate and proper consideration was given to the § 3553(a) factors and the parties' arguments and thereby render the total sentence procedurally reasonable. *Scott*, 426 F.3d at 1330. Therefore the total sentence was procedurally reasonable.

Glover's total sentence is also substantively reasonable. As an initial matter, Glover's argument that his total sentence was greater than necessary is without merit because the district court imposed a total sentence that was 17 months below the bottom of his guideline range. As noted above, we ordinarily expect a sentence within the guideline range to be reasonable. *See Gonzalez*, 550 F.3d at 1324.

Further, Glover's 80-month total sentence is well below the statutory maximum for his charges, which is another indicator of its reasonableness. *Id.*

Glover's total sentence is also not substantively unreasonable because he received a higher sentence than his codefendant and the district court did not rely solely on his criminal history in imposing his total sentence. The district court is required to consider the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct; however, it is clear from the record that Glover and his codefendant are not similarly situated. *Docampo*, 573 F.3d at 1101. Glover committed the present offense while serving a term of community control, he obstructed justice during his bench trial, he failed to cooperate with the government, he has repeatedly violated the law, and his guideline range was 97 to 121 months; this is sufficient to justify Glover's higher total sentence. *See Docampo*, 573 F.3d at 1101. Further, the district court considered all of the § 3553(a) factors and then merely chose to explain that Glover's criminal history helped justify a higher sentence than his codefendant with no criminal history.

Although the district court agreed that Glover's criminal history was overrepresented, it accounted for this when it sought guidance from criminal history category II, prior to issuing the total sentence, instead of using category III, as recommended by the guidelines. As such, the district court's decision not to

vary further below his guideline range did not render the total sentence substantively unreasonable. *See Gonzalez*, 550 F.3d at 1324. In light of Glover's prior offenses, the frequency of those offenses, the fact that the district court already varied 17 months below his guideline range, and the district court's consideration of the § 3553(a) factors, Glover's total sentence of 80 months was substantively reasonable. Accordingly, upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**