[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14466
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cr-60050-WJZ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOCELYN FAURISMA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 24, 2014)

Before TJOFLAT, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Jocelyn Faurisma appeals his total 300-month sentence imposed after he pled guilty to armed robbery, in violation of 18 U.S.C. § 2113(a), (d) (Count 1), possessing and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 3). His sentence was comprised of 216 months for Counts 1 and 3, and 84 months for Count 2. The sentencing guideline range for Counts 1 and 3 was 262 to 327 months and Count 2 required a minimum sentence of 84 months to be served consecutive to any other sentence. On appeal, Faurisma argues that his sentence was unreasonable, in light of the factors in 18 U.S.C. § 3553(a). Faurisma contends that his cardiovascular disease justified a downward variance to the total statutory minimum of 22 years. He derives this minimum by adding the 7-year mandatory minimum for Count 2 and the 15-year mandatory minimum for Count 3.

We review the reasonable of a sentence under a deferential abuse of discretion standard of review. *United States v. Thompson*, 702 F.3d 604, 606-07 (11th Cir. 2012), *cert. denied*, 133 S.Ct. 2826 (2013). In reviewing reasonableness, we first ensure that the sentence was procedurally reasonable, which includes that the district court considered the § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Once

2

we determine that the sentence was procedurally sound, we examine whether the sentence was substantively reasonable in light of the totality of the circumstances. *Id.* The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

The party who challenges the sentence bears the burden of showing that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect that such a sentence is reasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). A sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence. *See*

3

*United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that the sentence was reasonable in part because it was well below the statutory maximum).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). However, a court can abuse its discretion when it (1) fails to consider factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

Faurisma does not demonstrate that his 300-month total sentence was substantively unreasonable in light of the record and the § 3553(a) factors. His 216-month sentence for Counts 1 and 3 was well below the guideline range of 262 to 327 months and is expected to be reasonable, if a sentence within the range is also expected to be reasonable. *See Talley*, 431 F.3d at 788. Furthermore, his sentence was well below the statutory maximum sentence of life that could have been imposed for a violation of either Count 2 or 3. *See Gonzalez*, 550 F.3d at 1324. Finally, the minimum sentence to which Faurisma could have been sentenced was a total of 22 years, which was only three years less than the sentence he received. For these reasons, Faurisma's 25-year total sentence was reasonable.

Moreover, Faurisma's sentence was not an abuse of the district court's discretion because it met the goals encompassed within § 3553(a).  Considering Faurisma's lengthy criminal history, his characterization as an armed career offender, and the violent nature of two of the instant offenses, the sentence imposed was reasonable and necessary to provide just punishment, promote respect for the law, deter future criminal conduct, and protect the public.  The district court afforded an appropriate amount of weight to Faurisma's illness, especially considering that Faurisma turned down the court's offer to recommend a hospital facility in which Faurisma could serve his term.

As discussed above, the sentence was reasonable and supported by the § 3553(a) factors and the record.  The weight given a particular factor is within the discretion of the court and it did not abuse its discretion.  *See Clay*, 483 F.3d at 743.  Accordingly, we affirm the sentence as reasonable.

**AFFIRMED.**