[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14303
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cr-14064-DLG-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUAN MARCELO GUTIERREZ-IXCHIA,
a.k.a. Juan Monterroso-Guiterez,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 8, 2014)

Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Juan Marcelo Gutierrez-Ixchia ("Gutierrez"), having pleaded guilty to illegal reentry into the United States in violation of 8 U.S.C. § 1326(a) and (b)(1), appeals his sentence of 77 months' imprisonment.  Gutierrez argues his sentence, 60 months of which are to run consecutively to a 15-year state-court sentence, is procedurally unreasonable.  Upon review,[1] we reject Gutierrez's argument and affirm his sentence.

Gutierrez argues the district committed procedural errors by failing to consider the sentencing factors under 18 U.S.C. § 3553(a) and by failing to explain the sentence imposed.  *See Gall v. United States*, 552 U.S. 38, 51 (2007) (providing examples of procedural sentencing errors).  More specifically, in the latter respect Gutierrez contends the district court did not adequately explain why it rejected his arguments concerning his criminal history and the costs of his incarceration.  Each of Gutierrez's arguments is without merit.  The district court expressly stated it "considered the statements of all parties . . . and the statutory factors," and this is sufficient.  *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) ("[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient . . . ."), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007).  A court

---

[1] We review the reasonableness of a sentence under a deferential abuse of discretion standard.  *United States v. Thompson*, 702 F.3d 604, 606-07 (11th Cir. 2012).  "The party challenging the sentence bears the burden of establishing that the sentence is unreasonable." *United States v. Bane*, 720 F.3d 818, 824 (11th Cir. 2013) (internal quotation marks omitted).

2

need not discuss each factor individually. *Id.*; *see also United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Moreover, although not required, the district court elaborated on its reasoning by stating that its decision was based in part on the serious crimes Gutierrez had committed after returning to the United States and not his improper return alone. This discussion further demonstrates that the district court considered Gutierrez's arguments for leniency and committed no procedural error.

**AFFIRMED.**