[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15092
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00427-TWT-CCH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES HORTON,
a.k.a. Charlie Horton,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 2, 2015)

Before MARCUS, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Charles Horton, proceeding pro se, appeals the district court's denial of his motion for a new trial based on newly-discovered evidence that his right to vote was restored before the court convicted him of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  Specifically, Horton asserts that he received a document stating that his principal civil liberties had been restored, and that document did not mention a continuing restriction on his right to own firearms.  Horton argues that, because his right to vote had been restored, his prior felony conviction did not satisfy § 922(g).  Upon review of the record and consideration of the parties' briefs, we affirm.

We review the denial of a motion for new trial on the basis of newly-discovered evidence for an abuse of discretion.  *United States v. Barsoum*, 763 F.3d 1321, 1341 (11th Cir. 2014), *cert. denied*, ___ U.S. ___, 135 S.Ct. 1883 (2015).  To succeed on a motion for new trial based on newly-discovered evidence, a defendant must prove that (1) the evidence was discovered after trial; (2) the failure to discover the evidence earlier was not due to a lack of diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial would probably produce a different result. *Barsoum*, 763 F.3d at 1341.  "Courts should use great caution in granting such motions as they are highly disfavored." *Id.* (quotation omitted).

2

It is unlawful for anyone who has previously been convicted of a felony to possess firearms or ammunition.  18 U.S.C. § 922(g).  Convicted felons whose civil rights have been restored are excluded from this restriction.  *Id.* § 921(a)(20).

Horton states that he received a document advising him that his civil rights had been restored, but the record only shows that he was registered to vote before he committed the offense conduct.  The restoration of a convicted felon's right to vote, alone, is not sufficient to satisfy § 921(a)(20).  *United States v. Thompson*, 702 F.3d 604, 608 (11th Cir. 2012).  Therefore, a new trial would not produce a different result.  *See Barsoum*, 763 F.3d at 1341.  Accordingly, the district court did not err in denying Horton's motion for a new trial.

**AFFIRMED.**