[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15558
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cr-00154-SLB-SGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDERICK LAMAR BURNETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(January 11, 2019)

Before MARCUS, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Frederick Lamar Burnett appeals his convictions and 48-month sentence for three counts of wire fraud, in violation of 18 U.S.C. § 1343.  Burnett contends the district court abused its discretion by excluding testimony about his consultations with prior legal counsel, in violation of the rules of evidence and his constitutional right to present a complete defense.  He further contends that, because the excluded testimony would have been probative of his intent to defraud the Government, its exclusion was not harmless.  Burnett also contends the district court abused its discretion by imposing a 48-month sentence, which he asserts is procedurally and substantively unreasonable, because the district court erroneously calculated the loss amount attributable to his fraud under the Guidelines.  After review, we affirm.

## I.  DISCUSSION

### A.  *Exclusion*[1]

"[T]he Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense."  *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (quotation omitted).  Thus, a court may not exclude evidence that is crucial, relevant, and necessary to establish a valid defense.  *United States v. Todd*, 108 F.3d 1329, 1332 (11th Cir. 1997).  A criminal defendant must nevertheless

---

[1] We review a district court's evidentiary rulings for abuse of discretion.  *United States v. Watkins*, 880 F.3d 1221, 1224 (11th Cir. 2018).  "This standard grants the court substantial leeway; reversal is appropriate only when the law, facts, or procedure was incorrectly applied or when there is an otherwise clear error in judgment."  *Id.*

2

"comply with the procedural and evidentiary rules designed to facilitate a search for the truth." *United States v. Frazier*, 387 F.3d 1244, 1272 (11th Cir. 2004) (en banc). "[T]he Constitution leaves to the judges who must make these decisions wide latitude to exclude evidence that is repetitive, only marginally relevant or poses an undue risk of harassment, prejudice, or confusion of the issues." *Crane*, 476 U.S. at 689–90 (quotation marks and alterations omitted).

The district court did not abuse its discretion by excluding Kimberly Ford's testimony. Burnett could not establish good-faith reliance on the advice of his counsel because he did not "fully disclose[] to his attorney all material facts that [we]re relevant to the advice for which he consulted the attorney." *See United States v. Hill*, 643 F.3d 807, 851 (11th Cir. 2011).

Moreover, the legal advice Burnett sought to admit was given in the limited context of responding to a competitor's bid challenge on only one of the three contracts at issue. Its relevance beyond that context was, at best, marginal. Indeed, Ford did not recall Burnett receiving any advice concerning the Berry Amendment or its applicability. And Ford stated Burnett told his counsel he would utilize only "very small" or "minute" foreign components when fulfilling the backpack contract. Ford concluded that, had Burnett disclosed the true nature of his plan to import substantial portions of the backpacks from China, his counsel likely would have provided different advice.

3

In any event, the thrust of what Ford remembered about the advice of Burnett's counsel—that Burnett could comply with the Buy American Act even if he imported some of his components from China—was admitted through other evidence. Thus, Ford's testimony was largely cumulative. Given the marginal relevance of Ford's testimony on the issue of Burnett's understanding of his broader contractual obligations (particularly under the Berry Amendment), the district court was within its discretion to determine that the probative value of Ford's testimony was outweighed by the risk of confusing the jury as to the scope and legal effect of the advice Burnett received from his former counsel.

*B.  Sentencing*[2]

We need not determine whether the government-benefits rule should have applied in this case. Nor must we determine the amount of loss properly attributed to Burnett's fraud. The district court stated that even "if [it] accepted the defendant's argument that the loss calculation should be zero, with the resulting guideline range of four to ten months, the Court would have either varied or upwardly departed to the sentence imposed." USDC Doc. 101 at 37. And we have held that an error in calculating a Guidelines range is harmless if: (1) the district court stated it would impose the same sentence even if it decided the Guidelines issue in the defendant's favor; and (2) under the corrected Guidelines range, "the

---

[2] We review the reasonableness of a defendant's sentence for abuse of discretion. *United States v. Thompson*, 702 F.3d 604, 606–07 (11th Cir. 2012).

final sentence resulting from consideration of the § 3553(a) factors would still be reasonable." *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006).

"Our review for reasonableness is deferential, and the party challenging the sentence has the burden of establishing unreasonableness. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). Moreover, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *Id.* We will not "remand for resentencing if we are [not] left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.*

The district court in this case concluded a 48-month sentence was necessary to reflect the seriousness of the offense, promote respect for the law, provide a just punishment for Burnett's crime, and deter similar conduct. It also was influenced by its determination that Burnett perjured himself during the trial. In the end, its sentence was far below the statutory maximum. *See United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014) ("A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence."). And there is nothing to suggest the district court improperly weighed the § 3553(a) factors in its analysis, which it specifically stated would not change even if it were to consider the lower Guidelines range advocated by Burnett. Under the circumstances, "we

are [not] left with a definite and firm conviction that the district court committed a clear error of judgment" in arriving at a 48-month sentence, which was within "the range of reasonable sentences dictated by the facts of the case." *See Clay*, 483 F.3d at 743.

## II.  CONCLUSION

The district court did not abuse its discretion by excluding Ford's testimony or imposing a 48-month sentence.

**AFFIRMED.**