[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14048

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CARLOS GRANDA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:07-cr-20155-DMM-3

_____

Before LUCK, LAGOA, and MARCUS, Circuit Judges.

PER CURIAM:

Carlos Granda, a federal prisoner proceeding *pro se*, appeals the district court's denial with prejudice of his three post-judgment motions: (i) for bond pending a motion to dismiss his 2007 indictment; (ii) to set aside his original criminal judgment due to fraud on the court (together, the motions "for bond and to set aside"); and (iii) "to alter or amend" the court's order denying the foregoing two motions on the substantive grounds raised.  On appeal, Granda argues that the district court should have granted his three motions because his 2007 superseding indictment was jurisdictionally defective, in that it lacked a signature by the foreperson of the grand jury.  In response, the government moves for summary affirmance of the district court's orders, as well as a stay of the briefing schedule, arguing that no substantial question exists that the district court properly denied all three of Granda's motions.[1]  After

---

[1] Granda also requests, for the first time on appeal, that the government provide a statement under penalty of perjury, attesting to the fact that he was legally indicted by a grand jury, or that it provide a copy of the grand jury transcript.  However, he has forfeited this argument by failing to raise it before the district court, and we decline to consider it.  *See Dohrmann v. United States*, 442 F.3d 1279, 1282 (11th Cir. 2006) ("We generally will not consider a habeas claim raised for the first time on appeal."); *see also United States v. Campbell*, 26 F.4th 860, 872 (11th Cir. 2022) (*en banc*) (noting that "forfeiture is the failure to make the timely assertion of a right") (quotation marks omitted).

thorough review, we grant the government's motion, construe the district court's order denying his motions "for bond and to set aside" as a dismissal without prejudice for lack of jurisdiction, and summarily affirm.

Summary disposition is appropriate when, among other things, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2]

A district court's subject matter jurisdiction is a question of law we review *de novo*, *Patel v. Hamilton Med. Ctr., Inc.*, 967 F.3d 1190, 1193 (11th Cir. 2020), and we are "obligated to address jurisdictional issues *sua sponte* whenever jurisdiction may be lacking." *Reaves v. Sec'y, Fla. Dep't of Corr.*, 717 F.3d 886, 905 (11th Cir. 2013) (quotation marks omitted). We review the denial of a motion for reconsideration for abuse of discretion. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). When review is only for abuse of discretion, it "means that the district court had a 'range of choice' and that we cannot reverse just because we might have come to a different conclusion." *United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021) (quotation marks omitted). Further, a

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

district court's failure to discuss the reasons for dismissing a claim "does not necessarily preclude affirmance where appropriate reasons for dismissal are readily apparent." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1071 (11th Cir. 2007) (quotation marks omitted). We may also *sua sponte* modify a district court's judgment that is lawfully before us. 28 U.S.C. § 2106.

We construe *pro se* pleadings liberally. *United States v. Padgett*, 917 F.3d 1312, 1316–17 (11th Cir. 2019). We "have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). However, all litigants must comply with the applicable procedural rules, and we will not "serve as *de facto* counsel for a party or . . . rewrite an otherwise deficient pleading in order to sustain an action." *Padgett*, 917 F.3d at 1317 (quotation marks omitted).

The circumstances under which a defendant may challenge his convictions and total sentence are limited. Before entry of a final judgment in a criminal case, the appropriate vehicle for challenging the sufficiency of an indictment is a motion pursuant to Fed. R. Crim. P. 12(b), *see United States v. deVegter*, 198 F.3d 1324, 1326–27 (11th Cir. 1999), which a defendant may bring at any time before trial. Fed. R. Crim. P. 12(b)(3)(B). However, a defendant's argument that the indictment against him failed to charge an offense that implicates the district court's jurisdiction cannot be forfeited. *See United States v. Thompson*, 702 F.3d 604, 606 (11th Cir.

2012). Nevertheless, 28 U.S.C. § 2255 serves as the primary method of collateral attack on the validity of a federal sentence after a judgment of conviction becomes final, *see Jordan*, 915 F.2d at 629, and without our authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion. *See In re Bradford*, 830 F.3d 1273, 1276–77 (11th Cir. 2016). If the district court lacks subject matter jurisdiction, it has no power to render a judgment on the merits, and it must dismiss the claim without prejudice. *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1234–35 (11th Cir. 2008).

A § 2255 motion is "the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the saving clause," which encompasses claims for which a § 2255 motion is not an adequate and effective means for testing the argument at issue. *McCarthan v. Dir. of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (*en banc*) (quotation marks omitted); *see also* 28 U.S.C. §§ 2241, 2255(e). We've explained that two categories of cases fit within the saving clause to permit federal prisoners to seek relief under § 2241. *Amodeo v. Coleman*, 984 F.3d 992, 999 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 836 (2022). The first category consists of prisoners who challenge the execution (as opposed to the legality) of their sentences. *Id.* The second category consists of cases where the sentencing court is unavailable or dissolved, or where practical considerations, like multiple sentencing courts, prevent a prisoner from filing a § 2255 motion. *Id.* at 999–1000.

Although the Federal Rules of Criminal Procedure do not expressly authorize parties in a criminal case to file motions for reconsideration, we have recognized these kinds of motions and held that they may toll the time for filing a notice of appeal. *See United States v. Vicaria*, 963 F.2d 1412, 1413–14 (11th Cir. 1992). However, a motion for reconsideration "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009).

Here, because the district court lacked jurisdiction to consider Granda's unauthorized collateral challenges to his previous convictions and total sentence, we conclude that summary affirmance is appropriate. As the record reflects, Granda's motions "for bond and to set aside" attempted to collaterally attack his convictions and total sentence, so even though the district court did not appear to construe the motions as having been filed pursuant to § 2255, we must look beyond the label of his motions and construe them as § 2255 motions. *See Am. United Life Ins. Co.*, 480 F.3d at 1071; *Jordan*, 915 F.2d at 624–25. Yet as § 2255 motions, they were successive ones the district court lacked jurisdiction to consider, because Granda filed two previous § 2255 motions that were denied on the merits, and he never showed that he received our authorization to proceed with any new § 2255 motions. *See In re Bradford*, 830 F.3d at 1276–77. Further, Granda's challenge to his superseding indictment does not belong to either category of claims cognizable under the saving clause, making it clear that the district

court lacked jurisdiction over this claim. *See Amodeo*, 984 F.3d at 999–1000.[3]

Finally, we construe Granda's motion "to alter or amend" as a motion for reconsideration of the district court's order denying his motions "for bond and to set aside." *See Jordan*, 915 F.2d at 624–25. Nevertheless, the district court did not abuse its discretion in denying that motion because it only reiterated prior arguments. *See Wilchombe*, 555 F.3d at 957.

In short, the government's position is clearly correct as a matter of law, and no substantial question remains as to the outcome of the case. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. We therefore construe the district court's order denying his motions "for bond and to set aside" as a dismissal without prejudice for lack of jurisdiction. *See* 28 U.S.C. § 2106. With that understanding -- and thereby modifying the district court's order to reflect a dismissal without prejudice for lack of jurisdiction, *see id.* -- we GRANT the government's motion for summary affirmance and DENY as moot its motion to stay the briefing schedule.

---

[3] We note that the government is incorrect that Granda forfeited his jurisdictional challenge to the indictment in his original criminal proceeding, since these kinds of challenges cannot be forfeited. *See Thompson*, 702 F.3d at 606. Regardless, Granda cannot now pursue relief on this claim for the reason discussed above -- he did not obtain permission from our Court to proceed on this claim in a second or successive § 2255 motion, so the district court lacked jurisdiction to consider it.