[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13001

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANGWIRO SADIKI-YISRAEL,
a.k.a. Iz,
a.k.a. Izzy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:16-cr-00145-TWT-JKL-3

_____

Before NEWSOM, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Mangwiro Sadiki-Yisrael appeals his conviction and 240-month sentence for racketeering conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(d) and 1963(a). He argues that the district court abused its discretion in rejecting his initial attempt to plead guilty without subjecting himself to an enhanced penalty provision in the indictment, which increased the statutory maximum sentence from 20 years to life in prison. He also argues that his sentence was procedurally and substantively unreasonable. After careful review, we affirm.

## I.

Sadiki-Yisrael and several co-conspirators were indicted for racketeering conspiracy, in violation of the RICO Act, 18 U.S.C. §§ 1962(d) and 1963(a) (Count One), based on their involvement in a gang known as the Gangster Disciples. Sadiki-Yisrael held various leadership positions in the gang, which was involved in drug trafficking, complex fraud schemes, robbery, and extortion. In a notice of enhanced sentencing on Count One, Sadiki-Yisrael was charged with joining the conspiracy knowing and agreeing that members of the enterprise engaged in "acts involving murder, in violation of Official Code of Georgia 16-5-1."

Sadiki-Yisrael filed a motion asking the court to allow him to plead guilty to Count One without requiring that he admit to

the enhanced sentence provision that subjected him to a statutory maximum sentence of life imprisonment. The government opposed the motion, arguing that Sadiki-Yisrael was attempting to plead guilty to a lesser included offense without the government's consent. The district court agreed and denied the motion. Sadiki-Yisrael did not object to this ruling.

Sadiki-Yisrael then entered a non-negotiated guilty plea to Count One, admitting to all the elements of the offense, including the enhanced penalty provision. At his plea colloquy, the district court ensured he entered his plea knowingly and voluntarily and Sadiki-Yisrael confirmed he was pleading guilty to the full indictment as charged. The district court stated directly, "Mr. Sadiki-Yisrael, do you understand you're charged in Count One with participating in a RICO conspiracy involving murder?" to which he answered, "Yes."

At sentencing, the district court used both fraud and murder as the underlying racketeering activity to calculate his base offense level. Using fraud under Section 2B1.1, the base offense level was seven. Because the offense involved ten or more victims and the loss exceeded $1.5 million but was less than $3.5 million, the total adjusted offense level was 27. Using murder as the underlying racketeering activity under Section 2A1.1(a), the base offense level was 43. Because Sadiki-Yisrael held leadership positions in the conspiracy the adjusted offense level was 46. Using the higher offense level of 46, as Section 3D1.4 directs, and with a three-level reduction under Sections 3E1.1(a) and (b) for accepting responsibility, Sadiki-

Yisrael's total recommended offense level was 43. Applying criminal history category III, the recommended Guidelines custody range was life imprisonment. The statutory maximum penalty was also life imprisonment.

Sadiki-Yisrael objected to using murder to calculate his base offense level. He argued that his guidelines range should be driven by his fraud offense level because he was not personally involved in any acts involving murder. He also objected to the loss amount and the number of victims stipulated in the Presentencing Report.

At his sentencing hearing, the district court overruled his objection to the calculation of his base offense level, explaining that the government included the enhanced sentence provision as an element of the offense during the plea colloquy. The district court also overruled Sadiki-Yisrael's objection to the government's presentation of evidence, explaining that it was offered to perfect the record on the guideline objections and base offense level, as well as for purposes of establishing Section 3553(a) factors.

The district court sentenced Sadiki-Yisrael to 240 months' imprisonment. The court explained that this sentence was fair and reasonable considering the 18 U.S.C. § 3553(a) factors, specifically noting the nature and circumstances of the offense, Sadiki-Yisrael's personal history and characteristics, and the need to avoid unwarranted sentencing disparities. Sadiki-Yisrael timely appealed, renewing his objections to the presentencing report and challenging the substantive and procedural reasonableness of his sentence.

## II.

We review a district court's rejection of a guilty plea for an abuse of discretion. *United States v. Gomez-Gomez*, 822 F.2d 1008, 1010 (11th Cir. 1987).

We also review the reasonableness of a sentence for abuse of discretion. *United States v. Thompson*, 702 F.3d 604, 606–07 (11th Cir. 2012).

With respect to guidelines issues, we consider legal issues *de novo* and review factual findings for clear error. *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010).

## III.

### A.     *Initial Plea Attempt*

Sadiki-Yisrael argues that the district court erred in rejecting his initial offer to plead guilty. Criminal defendants have no absolute right for a court to accept a valid guilty plea. Instead, a district court may use its discretion in rejecting a plea. *See Santobello v. New York*, 404 U.S. 257, 262 (1971). Once a guilty plea is entered, "only an attack on the voluntary and knowing nature of the plea can be sustained." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). "A defendant who wishes to preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty can do so only by entering a 'conditional plea' in accordance with [Federal Rule of Criminal Procedure] 11(a)(2)." *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997). A defendant's knowing,

voluntary, and unconditional plea of guilty, made with the benefit of counsel, however, waives all non-jurisdictional defects in the proceedings. *Id.*

Here, Sadiki-Yisrael does not challenge the voluntary and knowing nature of his plea. Nor did he preserve his right to appellate review of this claim via a conditional plea. Accordingly, Sadiki-Yisrael has waived any challenge to the district court's refusal to accept his initial attempt to plead guilty without subjecting himself to the enhanced penalty provision.

### B.    *Procedural Reasonableness*

Sadiki-Yisrael argues that his sentence was procedurally unreasonable because the district court erred in admitting evidence at sentencing and improperly calculated his base offense level.

First, he argues that the district court should not have admitted evidence that the government introduced at sentencing describing acts of violence and drug activity because the government failed to object to those factual findings in the presentence report. But because Sadiki-Yisrael objected to his base offense level, it became the government's burden to establish those facts by presenting reliable and specific evidence. *See United States v. Little*, 864 F.3d 1283, 1290 (11th Cir. 2017); *United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009). Sadiki-Yisrael's contention that this evidence was untimely under Federal Rule of Criminal Procedure 32(f)(1) is also meritless because that rule applies to "any *objections*" to the presentence report. Fed. R. Crim. P. 32(f)(1) (emphasis

added). Here, the government introduced evidence to *support* findings in the presentence report in response to Sadiki-Yisrael's objection.

Next, Sadiki-Yisrael argues that the district court incorrectly calculated his base offense level using first degree murder instead of fraud because "[h]e did not personally commit any acts of murder" and "[t]he majority of his criminal activities related to fraud schemes." But this argument ignores the fact that Sadiki-Yisrael admitted that he joined and remained in the RICO conspiracy knowing that it involved murder. Thus, the district court correctly calculated his base offense level using "the offense level applicable to the underlying racketeering activity" under the guidelines. *See* U.S.S.G. § 2E1.1(a)(2).

Finally, because the district court did not err in calculating Sadiki-Yisrael's base offense level using the underlying racketeering activity of murder, and that number produces the greatest offense level, we do not address whether the district court erred in calculating his base offense level using fraud as the underlying offense. *See* U.S.S.G. § 1B1.1, cmt. n.5 ("Where two or more guideline provisions appear equally applicable, but the guidelines authorize the application of only one such provision, use the provision that results in the greater offense level.").

For these reasons, we conclude that Sadiki-Yisrael's sentence was not procedurally unreasonable. Accordingly, we affirm as to this issue.

### C.    Substantive Reasonableness

Sadiki-Yisrael argues that his sentence was substantively unreasonable because it was not supported by the sentencing factors under 18 U.S.C. § 3553(a). The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the Section 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). The sentence must be "sufficient, but not greater than necessary" to comply with the purposes of Section 3553(a)(2).  In reviewing substantive reasonableness, we may vacate the sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).

The court need not specifically discuss each Section 3553(a) factor so long as the record reflects that the court considered those factors. *United States v. Ghertler*, 605 F.3d 1256, 1262 (11th Cir. 2010).  The weight given to any Section 3553(a) factor is a matter committed to the discretion of the district court. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). A sentence within the guidelines range is presumptively reasonable. *Irey*, 612 F.3d at 1185.

Here, Sadiki-Yisrael's 240-month sentence was substantively reasonable. His sentence was below the guidelines range and below the statutory maximum of life imprisonment. And the record reflects that the district court specifically "consider[ed] the

sentencing factors set forth in [Section 3553]." It concluded that this sentence was appropriate particularly considering Sadiki-Yisrael's leadership position in the gang. Sadiki-Yisrael also argues that his sentence was unreasonable because it created unwarranted disparities among co-defendants, but he failed to show that they were similarly situated to justify relief on that basis. *See United States v. Pugh*, 515 F.3d 1179, 1202-03 (11th Cir. 2008).

## IV.

Accordingly, the district court is **AFFIRMED**.